# United States Court of Appeals
## For the First Circuit

_____

No. 18-1425

MARTIN J. WALSH, Secretary of Labor,

Petitioner,

v.

THE ROOF KINGS, LLC,

Respondent.
_____

**ORDER OF COURT**

Entered: April 25, 2022

    In light of the Secretary of Labor's uncontested Notice of Noncompliance with our May 2021 contempt judgment, which represents that The Roof Kings, LLC and its agent and owner, Craig Galligan, have failed to purge their contempt of our prior judgment as ordered; and good cause appearing for further contempt proceedings,

    IT IS ORDERED that the Honorable David H. Hennessy be and hereby is appointed Special Master to preside over discovery, take testimony, hear evidence relative to the issues of fact properly raised, and make a report and recommendations on the proper disposition of the Secretary's request for such additional sanctions as may be required to coerce compliance, including, upon an appropriate motion by the Secretary that is supported by clear and convincing evidence, the issuance of writs of bodily attachment against Galligan and any other individual who, with notice and knowledge of our orders, may be found responsible for noncompliance. Said Master shall have authority, powers and duties as follows:

    (a) In accordance with the pertinent provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence, to entertain and dispose of all pretrial motions and conduct any pretrial proceedings that may aid in the disposition of the reference. These proceedings and motions may include, but are not limited to, those related to discovery, the possibility of obtaining admissions of fact and documents, and amendment and supplementation of pleadings.

    (b) To hold promptly such hearings as may be reasonably necessary to obtain oral or documentary evidence from witnesses made available by the parties, or under the compelling process of the Master. Such hearings may be held at such place or places as the Master may deem appropriate.

(c) To engage a qualified reporter to take and transcribe the testimony adduced at such hearings. Pending further order of this Court with respect to taxation and assessment of costs, the reporter's charges, when duly billed for, shall be borne equally by the parties.

(d) To regulate all proceedings in the hearings before the Master in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence and to do all acts and take all measures necessary or proper for the performance of his duties under this order. The Master may examine witnesses under oath; issue subpoenas to compel the attendance of witnesses, who shall be paid witness fees and mileage pursuant to the law applicable to witnesses in the Courts of the United States; and may punish a witness for contempt if, without adequate excuse, the witness fails to appear or give evidence. The Master may require the production before him of admissible evidence upon all matters relevant and material to the issues, including the production of books, papers, vouchers, documents, and records. The Master may rule upon the admissibility of evidence, subject to review by this Court upon his report. At the request of either party, the Master shall make a record of evidence offered and excluded, for review by this Court upon his report. Notwithstanding these powers, however, the parties shall, in order to expedite the proceedings and in the interests of justice, be permitted to obtain discovery without leave of court in accordance with the provisions of the Federal Rules of Civil Procedure, Rules 26, et seq.

(e) To conduct the hearings with the design and purpose of keeping the inquiries within reasonable bounds confined to the controlling issues in this case. The Master shall take and report the evidence in full, unless it appears that the evidence is not admissible on any ground or that the witness is privileged. If the Master sustains an objection to a question propounded to a witness, the examining attorney may make a specific offer of what he or she expects to provide by the answer of the witness. The Master may add a statement to the record to clarify the character of the evidence, the form in which it was offered, the objection made, and the rulings thereon.

IT IS FURTHER ORDERED that the Clerk of this Court shall furnish the Master with a certified copy of this order; this court's October 2018 enforcement judgment and May 2021 contempt judgment; the Secretary's October 2019 contempt petition, Roof Kings' response, and the Secretary's reply; the Secretary's July 2021 Notice of Noncompliance; and any other items in the Court's files that the Master requires. As soon after the conclusion of the hearings as practicable, the Master shall file with the Clerk the transcript of the proceedings (if any), the evidence, and the original exhibits, together with his report thereon and recommendations as to findings of fact, conclusions of law, and coercive sanctions (if any); a copy of said report and recommendations shall at the same time be served upon the parties. The Master may require the parties to submit, prior to the filing of the report, proposed findings and rulings and objections thereto, as well as briefs.

Upon the filing with the Clerk of the Master's report and recommendations, the transcript of the proceedings and the original exhibits, the Clerk shall mail to all parties notices thereof. Either side may file written objections to the Master's report and recommendations. Any objections, as well a brief in support thereof, must be filed with the Court and served upon the other side and the Master within thirty (30) days after notice of the report. Any answering briefs are due thirty (30) days after the filing of the opening brief, and a reply brief may be filed within

fourteen (14) days after the filing of the answering brief.  This Court will then consider any requests for oral argument.

All other matters are reserved pending the filing of the report of the Master, including final assessment and allocation of all non-compliance fines, costs, fees, and expenses involved, including counsel fees.

So ordered.

By the Court:

Maria R. Hamilton, Clerk

cc:
Roof Kings LLC
Jin Y Chong
Jessica Cole
Linda Hong Hanh Wiles
David H. Hennessy